LAURENCE S. ZAKSON (CSB 119435),
Email: laurencez@rac-law.com
WILLIAM Y. SHEH (CSB 221275), and
Email: williams@rac-law.com
NATALIA BAUTISTA (CSB 245669), Members of
Email: nataliab@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF SEIU-UNITED SERVICE WORKERS WEST and SAN DIEGO COUNTY EMPLOYERS TRUST FUND formerly known as S.E.I.U. LOCAL 1877 and SAN DIEGO COUNTY EMPLOYERS SECURITY TRUST FUND, in their capacity as fiduciaries for the SEIU-UNITED SERVICE WORKERS WEST and SAN DIEGO COUNTY EMPLOYERS TRUST FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>PRISTINE ENVIRONMENTS, INC.,; KLEENHOUSE BUILDING MAINTENANCE also known as KBM BUILDING SERVICES,<br><br>Defendants. | CASE NO.: **'16CV3073 W   BLM**<br><br>COMPLAINT AGAINST DEFENDANTS:<br><br>(1) TO COMPEL AUDIT PURSUANT TO TERMS OF EMPLOYEE BENEFIT PLANS; AND<br><br>(2) TO RECOVER DELINQUENT CONTRIBUTIONS<br><br>[29 U.S.C. §§ 1132(a), 1145] |

Plaintiffs Trustees of the SEIU-United Service Workers West and San Diego County Employers Trust Fund formerly known as S.E.I.U. Local 1877 and San Diego County Employers Security Trust Fund, in their capacity as fiduciaries for the SEIU-United Service Workers West and San Diego County Employers Trust Fund, allege as follows:

#312534

## [JURISDICTION AND VENUE]

1. This is a suit by fiduciaries of a multiemployer benefit plan to enforce the terms of the plan and to collect delinquent contributions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") § 515, 29 U.S.C. § 1145.

2. This Court has jurisdiction under Labor Management Relations Act ("LMRA") § 301(a), 29 U.S.C. § 185(a), and Employee Retirement Income Security Act ("ERISA") § 502(e)(1), 29 U.S.C. § 1132(e)(1). Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the plan is administered and the breach took place in this district.

## [PARTIES]

3. The SEIU-United Service Workers West and San Diego County Employers Trust Fund formerly known as S.E.I.U. Local 1877 and San Diego County Employers Security Trust Fund ("SEIU-USWW and San Diego County Employers Trust Fund" or "Trust Fund") is an express trust created by collective bargaining agreements between various employers and the Service Employees International Union Local 1877 ("Union"), in industries affecting commerce. The Trust Fund is a multi-employer plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(3)(37)(A), and subject to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trust Fund is administered in this District and venue is appropriate in this District.

4. Plaintiffs Trustees of the SEIU-USWW and San Diego County Employers Trust Fund are the Trustees of the Trust Fund and fiduciaries as to the Trust Fund, as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). They appear

#312534

-- 2 --

here solely in their capacities as fiduciaries of the Trust Fund.

5. Plaintiffs are informed and upon that basis allege that defendant Pristine Environments, Inc., ("Pristine"), is a Virginia corporation and an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

6. Plaintiffs are informed and upon that basis allege that defendant Kleenhouse Building Maintenance, Inc., ("Kleenhouse") also known as KBM Building Services, is a California corporation and an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

7. Plaintiffs are informed and upon that basis allege that Pristine is Kleenhouse's parent company and that since at least April 2016, Kleenhouse has conducted business under the name Pristine Environments, Inc.  Plaintiffs are informed that Pristine and Kleenhouse are a single employer of employees in a single bargaining unit for which both jointly and each separately is the employer responsible for making contributions on such bargaining unit employees' behalf to the Trust Fund. Pristine and Kleenhouse will be jointly referred to as "Employer".

8. The Employer is an employer engaged in an industry affecting interstate commerce.

[AGREEMENTS]

9. At all relevant times, the Employer has been signatory and bound to a collective bargaining agreement ("CBA") with the Union, representing certain of its employees.

#312534

10.     The CBA, in turn, incorporates the terms of the Trust Agreements of the Trust Fund.  The Employer also signed a Trust Acceptance and Contract Data form, by which it agreed to make contributions to the Trust Fund, and to be bound to the terms of the Trust Agreements of the Trust Fund.  The CBA, Trust Agreements, and Trust Acceptance shall be referred to jointly as the "Agreements."

11.     The Agreements require the Employer to submit reports with appropriate contributions on the 1st day of the month, on behalf of all covered employees working in the previous month.  Reports and contributions are considered delinquent if not received or postmarked by the 20th of the month.  The Trust Fund depends on the truthfulness and accuracy of these reports to determine the amount of contributions due and the credit to be given employees toward benefits.

12.     Recognizing that the regular and prompt payment of employer contributions and the furnishing of reports is essential to the maintenance of the Trust Fund, and that it would be extremely difficult, if not impractical, to fix the actual expense and damages to the Trust Fund and the participants which would result from the failure of an employer to provide reports and contributions on time, the Agreements set the amount of 20% of the delinquent contributions (or $20, whichever is greater) as liquidated damages, and not a penalty, for the failure to submit reports or contributions on time.

13.     The Agreements provide that if an employer is delinquent in submitting its reports and/or contributions, it would pay, in addition to the delinquent contributions, interest on those contributions at the rate of 7% per annum or the rate prescribed by Section 6621 of the Internal Revenue Code of 1986, as amended, whichever is greater, liquidated damages as described above, and any attorney fees and costs.

#312534

14. The Employer owes under-reported contributions, which according to reporting data provided by the Employer to the Trust Fund, total $952.18 for the months of June 2016 and July 2016.  To date, the Employer has failed and refused to pay this delinquency.

15. Based on the delinquent contributions found owing in the Audit, the Employer also owes interest to the Trust Fund at the rate of 7% per year or the rate prescribed by Section 6621 of the Internal Revenue Code, whichever is greater.

16. Liquidated damages to the Trust Fund are also owed by the Employer, which are determined by applying the specified rate of 20% to any delinquent contributions.

17. Employer has a continuing monthly obligation to remit contributions to the Trust Fund on behalf of all employees performing work covered under the Agreements; therefore should additional amounts be discovered as due and owing by Employer, those amounts will be proven at the time of trial or other hearing.

[REQUEST FOR AUDIT]

18. The Trust Fund requested that the Employer comply with an audit of the books and records of the Employer for the period of January 1, 2015 through December 31, 2015.

19. The Trustees of the Trust Fund have determined that the Employer has been dilatory in providing any information to the Trust Fund's auditors or in making any records available to the auditors for an audit of the period of January 1, 2015 through December 31, 2015.  Unless the Employer is enjoined by this court to allow

#312534

an audit, the Trustees of the Trust Fund will be irreparably harmed in that they will be frustrated in their efforts to fulfill their fiduciary obligations to assure that contributions are properly paid to the Trust Fund.

20. Upon completion of the audit of the Employer, Plaintiffs shall amend this complaint to allege any delinquent contributions the auditors find, along with audit costs, attorneys' fees, interest, liquidated damages and/or any other amounts to which the Trust Fund is entitled.

[ATTORNEY FEES]

21. Pursuant to the Agreements, and as required by ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), the Trust Fund is entitled to recover its attorneys' fees and costs of this action.

FOR THESE REASONS, Plaintiffs request that the court enter judgment against the Employer as follows:

a) Delinquent contributions in the amount of $952.18;
b) Interest on the delinquent contributions in paragraph a) above at the rate of 7% per year or the rate prescribed by Section 6621 of the Internal Revenue Code, whichever is greater;
c) Liquidated damages in the amount of $1,393.81;
d) Audit costs as required by the Agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);
e) Injunctive relief, under the authority of ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3), ordering the Employer to submit its books and records to the Trust Fund's auditors, for the period of January 1, 2015 through December 31, 2015

#312534

1 through the date of the audit;

2     f)    Any delinquent contributions found due in the audit covering the period of January 1, 2015 through December 31, 2015, together with an interest at the rate of 7% per year or the rate prescribed by Section 6621 of the Internal Revenue Code, whichever is greater, 20% liquidated damages, audit costs, attorney fees and costs of suit, as required by the Trust Agreements and ERISA §502(g)(2), 29 U.S.C. §1132(g)(2);

    e)    For additional damages including contributions and liquidated damages and charges according to proof at the time of trial or hearing, plus interest as provided for by the Agreements and pursuant to statute;

    f)    Attorney's fees and costs, as required by the Agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); and

    e)    Such other relief as the court grants or finds proper.

Respectfully submitted,

Date:  December 21, 2016

REICH, ADELL & CVITAN
A Professional Law Corporation

By:  /s/ Natalia Bautista
NATALIA BAUTISTA
Attorneys for Plaintiffs
E-mail: nataliab@rac-law.com

#312534